IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Shelia S. Myers, ) | Civil Action No.: 8:08-cv-02976-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Saluda County School District, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge William M. Catoe.[1] In the R&R, the Magistrate Judge recommends that the Court grant in part, deny in part, the Defendant's Motion for Summary Judgment [Docket #47].

## **Factual Background and Procedural History**

This case was initiated when the Plaintiff filed a Complaint alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, and violation of her First Amendment rights pursuant to 42 U.S.C. § 1983. The Complaint was filed on August 27, 2008. On September 17, 2009, the Defendant filed its Motion for Summary Judgment. On October 26, 2009, the Plaintiff filed a response in opposition, and the Defendant filed a reply on November 4, 2009. The Magistrate Judge issued an R&R on March 23, 2010, in which he recommends that the Court grant in part, deny in part, the Defendant's Motion for Summary Judgment. Specifically, the Magistrate Judge recommends denying summary judgment as to the racial

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling.

discrimination claim, granting summary judgment as to the retaliation claim, and denying summary judgment as to the First Amendment claim. On March 30, 2010, the Defendant filed timely objections to the R&R, and the Plaintiff has filed a response to the objections. This matter is ripe for review.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## **Discussion**

The Plaintiff filed no objection to the R&R. However, the Defendant objects to the fact that "[t]he [R&R] grants Summary Judgment in favor of Defendant on Plaintiff's Title VII Retaliation cause of action, but denies Summary Judgment on Plaintiff's First Amendment cause of action." *Objections,* p.1. Further, "the Defendant respectfully disagrees with the [R&R] that

2

the failure of the Plaintiff as to retaliation does not necessarily cause her First Amendment claim to fail." *Id.* at 1-2. Essentially, the Defendant argues that summary judgment should be granted as to the First Amendment claim because the Plaintiff must prove retaliatory employment action to establish a violation of First Amendment retaliation, and the Magistrate Judgment has already found that the Plaintiff failed to establish the elements required to prove Title VII retaliation.

To prevail on her First Amendment retaliation claim, the Plaintiff must show (1) she engaged in protected expression regarding a matter of public concern; (2) her interest in First Amendment expression outweighs her employer's interests in efficient operation of the workplace; (3) she was deprived of some valuable benefit; and (4) a causal relationship exists between her protected expression on matters of public concern and the loss of the benefit. *Peters v. Jenny,* 327 F.3d 307, 322 (4th Cir. 2003). The "causal relationship" inquiry focuses on whether the loss of the benefit would have occurred "but for" the Plaintiff's protected speech. *Id.* This prong "will serve as a basis for summary judgment only in those instances when there are no causal facts in dispute." *Goldstein v. Chestnut Ridge Volunteer Fire Co.,* 218 F.3d 337, 352 (4th Cir. 2000).

The Defendant's only mention of the Plaintiff's First Amendment retaliation claim is in the final "Conclusion" paragraph of its Memorandum in Support of Motion for Summary Judgment. In fact, the Defendant has completely failed to address whether a genuine issue of material fact exists as to the Plaintiff's First Amendment claim. In its Reply Memorandum in Support of Motion for Summary Judgment, the Defendant states that "in fully addressing the Plaintiff's [Title VII] retaliation claim, [the Defendant] necessarily addressed her First Amendment rights claim." *Def. Reply,* p.5. However, as the Magistrate Judge explains in the R&R, "simply by showing there was no issue of material fact as to the causal relationship between the plaintiff's support of Dr. Gaither's Title VII claim and the adverse actions against her, the defendant did *not*

3

also demonstrate that there was no issue of material fact as to the causal connection between her alleged First Amendment expression and her loss of a valuable benefit." *Report of Magistrate Judge,* p.16. Thus, the Defendant did not meet its initial burden of demonstrating that there is no genuine issue of material fact as to the Plaintiff's First Amendment retaliation claim. *See Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (stating "[t]he party moving for summary judgment bears the initial burden of pointing to the absence of a genuine issue of material fact." (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))).

Contrary to the Defendant's assertion, granting summary judgment as to the Title VII retaliation claim while denying summary judgment on the First Amendment retaliation claim is not inconsistent. With regards to the Title VII retaliation claim, the Plaintiff failed to establish a *prima facie* case under the *McDonnell Douglas* framework to defeat summary judgment. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 318 (4th Cir. 2005) (noting a Title VII plaintiff may avoid summary judgment through two avenues: (1) presenting direct or circumstantial evidence that raises a genuine issue of material fact, or (2) proceeding under the system of shifting evidentiary burdens established by the Supreme Court in *McDonnell Douglas*); *see also Thompson v. Potomac Elec. Power Co.,* 312 F.3d 645, 650 (4th Cir. 2002) (noting that Title VII retaliation claims, like Title VII discrimination claims, are evaluated under the *McDonnell Douglas* framework at the summary judgment stage). Specifically, the Plaintiff offered no evidence that her support of Dr. Gaither's Title VII claim was causally connected to the alleged adverse actions. In fact, the Plaintiff admits in her deposition that she has no evidence that any of the alleged adverse actions occurred out of retaliation for participating in Dr. Gaither's race discrimination charge; however, she "believes" that to be the reason. *Id.* at 140-41 ("I don't have any evidence that it didn't, either. That's my belief."); *see Thompson v. Potomac Elec. Power Co.,* 312 F.3d 645, 649 (4th Cir. 2002) (noting that the

nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment). Further, the Plaintiff failed to come forward with any evidence showing a "very close" temporal proximity between her alleged protected activity and the alleged adverse employment actions. *See Clarke County Sch. Dist. v. Breeden,* 532 U.S. 268, 273-74 (2001).

In contrast, the Plaintiff's First Amendment retaliation claim survives summary judgment because the Defendant has failed to carry its initial burden of demonstrating the absence of a genuine issue of material fact.[2]

Having thoroughly reviewed the entire record, the Defendant's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge.

## **Conclusion**

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference. Accordingly, the Court **GRANTS in part, DENIES in part**, the Defendant's Motion for Summary Judgment [Docket #47]. Specifically, the Court denies

---

[2] Even if the Defendant has carried its initial burden, the Plaintiff asserts that the alleged adverse actions taken against her would not have occurred but for her opposition to the Defendant's attempts to misuse federal IDEA and Medicaid money, her refusal to violate a parent's rights under IDEA in contradiction to Dr. Stone's orders, or her expression to parents that they have due process rights if they do not agree with their child's IEP. These actions by the Plaintiff are in addition to, and independent of, her support of Dr. Gaither's Title VII claim. Viewing all facts and inferences in the light most favorable to the Plaintiff, a rational trier of fact could find for the Plaintiff as to this claim. For example, a reasonable finder of fact could credit the Plaintiff's protected expressions with her subsequent salary freeze and reassignment to the alternative school. As such, the Defendant is not entitled to summary judgment on the Plaintiff's First Amendment retaliation claim.

5

summary judgment as to the racial discrimination claim, grants summary judgment as to the Title VII retaliation claim, and denies summary judgment as to the First Amendment retaliation claim.

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
April 23, 2010